UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WENDALL HALL,

    Plaintiff,

v.                                                   Case No.:  2:19-cv-878-FtM-38NPM

CHAD POPPELL and DONALD
SAWYER,

    Defendants.
_____/

## OPINION AND ORDER[1]

    Before the Court is the case file.  Plaintiff Wendall Hall ("Hall") initiated this action by filing a *pro se* Civil Rights Complaint under 42 U.S.C. § 1983.  (Doc. 1).  The Court has not yet ordered service, and Hall moves to amend his complaint and attaches a proposed Amended Complaint.  (Docs. 8; 8-2).  Plaintiff may amend his pleading once before service or a response.  *See* Fed. R. Civ. P. 15(a)(1); *see also Brown v. Johnson,* 387 F.3d 1344, 1349 (11th Cir. 2004) ("Because [plaintiff] filed his motion to amend before the district court dismissed his complaint and before any responsive pleadings were filed, [plaintiff] had the right to amend his complaint under Rule 15(a)."); *Troville v. Venz,* 303 F.3d 1256, 1260 (finding "no error" in district court's *sua sponte* dismissal but since plaintiff requested leave to amend before dismissal, the court should have granted leave).  The Court grants the motion to amend and deems the proposed Amended Complaint the

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

operative pleading. For the reasons below, the Amended Complaint is dismissed without prejudice.

## BACKGROUND

Hall is civilly confined to the Florida Civil Commitment Center ("FCCC") under the Sexual Violent Predators Act ("SVPA"), Fla. Stat. §§ 394.910-.913. Under the SVPA, a person found to be a sexually violent predator must be housed in a secure facility "for control, care, and treatment until such time as the person's mental abnormality or personality disorder has so changed that it is safe for the person to be at large." Fla. Stat. § 394.917(2). The Amended Complaint names the Secretary for the Florida Department of Children and Families, Chad Poppell, and FCCC Director, Donald Sawyer, as defendants. (Doc. 8-2). Hall challenges an internal FCCC policy he calls "PRG-11" as unconstitutional. (Id. at 3-7). Hall states he received a disciplinary report under PRG-11 for refusing to stop moving his legs while sitting after being warned to stop. (Doc. 8-2 at 6-7). Hall argues PRG-11 is "basically a copycat" of the disciplinary policy utilized by the Florida Department of Corrections ("FDOC"). (Id. at 3-6). Hall reasons, because he is not a prisoner and because PRG-11 mirrors the FDOC disciplinary policy, PRG-11 amounts to punishment and is unconstitutional. The Court finds the Amended Complaint fails to plausibly state a claim under § 1983.

## LEGAL STANDARD

The Court recognizes that Hall is not a prisoner. Even though Hall is a non-prisoner, he seeks to proceed *in forma pauperis* and thus the Court must review the Amended Complaint under 28 U.S.C.§ 1915(e)(2) and dismiss the case if it determines the complaint is frivolous, malicious or fails to state a claim. See 28 U.S.C. §

1915(e)(2)(B)(i)-(iii); *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002). Essentially, § 1915(e)(2) is a screening process to be applied *sua sponte* during the proceedings. While *pro so* complaints are held to "less stringent standards" than those drafted and filed by attorneys, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted), the standard pleading requirements under Fed. R. Civ. P. 8 and Fed. R. Civ. P. 10 still apply to *pro se* complaints. *Giles v. Wal-Mart Distribution Ctr.*, 359 F. App'x 91, 92 (11th Cir. 2009). The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). "[A] lengthy . . . personal narrative suggesting, but not clearly and simply stating, a myriad of potential claims" does not meet the pleading requires of Rules 8 and 10. *Giles*, 359 F. App'x at 93.

This Court uses the standard for Fed. R. Civ. P. 12(b)(6) dismissals for dismissals under § 1915(e)(2)(B)(ii). *See Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). Under Rule 12(b)(6), a complaint may be dismissed if the claim alleged is not plausible. *See Bell Atl. v. Twombly*, 550 U.S. 544, 556 (2007). All pleaded facts are deemed true for Rule 12(b)(6), but a complaint is still insufficient without adequate facts. *See id.* at 556. The plaintiff must assert enough facts to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The asserted facts must "raise a reasonable expectation that discovery will reveal evidence" for the plaintiff's claim. *Twombly*, 550 U.S. at 556. "[L]abels . . . conclusions, and a formulaic recitation of the elements of a cause of action" are not enough to meet the plausibility standard. *Id.* at 555.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff first must allege a violation of a right secured by the Constitution or under the laws of the United States; and, second, allege that the deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Arrington v. Cobb County*, 139 F.3d 865, 872 (11th Cir. 1998). "[C]omplaints in § 1983 cases must . . . contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Randall v. Scott*, 610 F.3d 701, 707 n.2 (11th Cir. 2020) (citation and internal quotation marks omitted). Further, plaintiff must allege a causal connection between the defendant's conduct and the alleged constitutional deprivation. *Swint v. City of Wadley, Ala.*, 51 F.3d 988, 999 (11th Cir. 1995). Because Plaintiff is *pro se*, the Court must liberally construe the Amended Complaint. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). Courts, however, are not under a duty to "re-write" a plaintiff's complaint to find a claim. *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993). Nor is the Court required to credit a *pro se* plaintiff's "bald assertions" or "legal conclusions" as facts. Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1357 (3d ed. 2013) (noting that courts, when examining a 12(b)(6) motions have rejected "legal conclusions," "unsupported conclusions of law," or "sweeping legal conclusion . . . in the form of factual allegations.").

## DISCUSSION

Turning to this case, the Amended Complaint does not allege sufficient facts that Defendants deprived Hall of any of his constitutional rights by implementing PRG-11. Liberally construing the Amended Complaint, it appears Plaintiff suggests his due process

rights are being violated because the FCCC adopted the same policy that FDOC uses and, thus, the implementation of this policy at the FCCC makes the FCCC akin to a prison, which is *per se* punitive and violates his constitutional rights. (Doc. 8-2 at 3-7). Hall fails to attach a copy of PRG-11 to the Complaint or Amended Complaint, fails to point to any portion or language of PRG-11, or otherwise fails to explain how PRG-11 violates his due process rights. Instead, Hall generally claims that because PRG-11 is utilized by FDOC it is punitive *per se* and, as a civilly committed person, he should be subject to the same regulations as a mentally ill person committed under the Baker Act.

Due process requires that the conditions of confinement of a non-prisoner not amount to punishment. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Whether a condition of confinement amounts to "punishment" depends on whether the challenged condition is imposed for punishment or whether it is incident to some other legitimate government purpose. *Id.* at 50, 535, 538 n. 16. Although not a prisoner, sexually violent predators, like other civil detainees, are unquestionably subject to security measures like those employed by corrections officials. *See id.* at 540; *see also Allen v. Illinois*, 478 U.S. 364, 373-74 (1986) (detainees may "be subjected to conditions that advance goals such as preventing escape and assuring the safety of others, even though they may not be punished."). Other than Hall's conclusory allegation that PRG-11 is punitive, the Amended Complaint is devoid of factual allegations from which the Court can plausibly construe that PRG-11 is intended to punish Hall.

Further, Hall's argument that his status should be compared to mentally ill individuals committed under the Baker Act is similarly unpersuasive. The state legislature expressly recognized that commitment under the Baker Act was "inappropriate" for

5

individuals sought to be committed under the SVPA. Significantly, in its statement of "findings and intent," the state legislature said that the SVPA was aimed at "a small but extremely dangerous number of sexually violent predators . . . who do not have a mental disease or defect that renders them appropriate for involuntary treatment under the Baker Act (§§ 394.451-394.4789, Fla. Stat.)" § 94.910, FLA. STAT. (2000); *see also* *Westerheide v. State*, 831 So. 2d 93, 112 (Fla. 2002) (rejecting plaintiff's equal protection argument on the basis, *inter alia,* that it "rests on the false premise that individuals subject to commitment under the [SVPA] are similarly situated to mentally ill persons committed under the Baker Act."). *See also Kansas v. Hendricks*, 521 U.S. 346, 358 (1997) ("we have sustained civil commitment statutes when they have coupled proof of dangerousness with the proof of some additional factor such as mental illness or mental abnormality") (internal quotations omitted). Thus, Hall's status as civilly committed person under the SVPA is not analogous to a person committed under the Baker Act.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Motion for Leave to Amend Civil Complaint (Doc. 8) is **GRANTED** and the Clerk shall accept for filing and docket the proposed Amended Complaint (Doc. 8-2) as a separate docket entry.

2. The Amended Complaint is **DISMISSED without prejudice** under 28 U.S.C. § 1915(e)(2).[2]

3. The Court **DENIES** the pending motions (Docs. 3, 9, 10, and 11) as moot.

---

[2] Because the Court is dismissing the action without prejudice, Plaintiff may initiate a new action if he believes he can plausibly state a claim. Plaintiff, however, must file a new complaint accompanied by the requisite filing fee or request to proceed *in forma pauperis* in a new action and must not use this case number on his new complaint.

4. The Clerk will enter judgment, terminate any deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 19th day of February, 2020.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record